**The STATE of Ohio, Appellee,**

v.

**HOUSEMAN, Appellant.** █ (Two cases.)

[Cite as *State v. Houseman* (1990), 70 Ohio App.3d 499.]

Court of Appeals of Ohio,
Allen County.

Nos. 1–89–42, 1–89–43.

Decided Dec. 5, 1990.

500

502

*David E. Bowers,* Prosecuting Attorney, for appellee.

*Gerald Siesel,* for appellant.

---

THOMAS F. BRYANT, Judge.

This is a consolidated appeal from judgments of the Court of Common Pleas of Allen County finding defendant-appellant, Daniel J. Houseman, guilty of:

"COUNT 1—AGGRAVATED MENACING, misdemeanor, R.C. 2903.21;

"COUNT 2—ABDUCTION WITH FIREARM SPECIFICATION, agg. felony 2, R.C. 2905.02;

"COUNT 3—AGGRAVATED BURGLARY WITH FIREARM SPECIFICATION, agg. felony 1, R.C. 2911.11(A)(2);

"COUNT 4—GRAND THEFT WITH FIREARM SPECIFICATION, felony 3, R.C. 2913.02(A)(1);

"COUNT 5—GRAND THEFT WITH FIREARM SPECIFICATION, felony 3, R.C. 2913.02(A)(1);

"COUNT 6—AGGRAVATED ROBBERY WITH FIREARM SPECIFICATION, agg. felony 1, R.C. 2911.01(A);

"COUNT 8—BREAKING AND ENTERING WITH FIREARM SPECIFICATIONS, felony 4, R.C. 2911.13(B);

"COUNT 9—FELONIOUS ASSAULT WITH FIREARM SPECIFICATION, agg. felony 2, R.C. 2903.11(A)";

and sentencing him to confinement in the Ohio Department of Rehabilitations and Corrections as follows:

"COUNT 1—AGGRAVATED MENACING—180 DAYS IN THE ALLEN COUNTY JAIL; CONCURRENT WITH ALL OTHER COUNTS;

"COUNT 2—ABDUCTION WITH FIREARM SPECIFICATION—NOT LESS THAN 4 NOR MORE THAN 10 YEARS; CONCURRENT WITH COUNT 3;

"COUNT 3—AGGRAVATED BURGLARY WITH FIREARM SPECIFICATION—NOT LESS THAN 10 NOR MORE THAN 25 YEARS; CONCURRENT WITH COUNT 2;

"COUNT 4—GRAND THEFT WITH FIREARM SPECIFICATION—DEFINITE PERIOD OF 2 YEARS;

"COUNT 5—GRAND THEFT WITH FIREARM SPECIFICATION—DEFINITE PERIOD OF 2 YEARS; CONCURRENT WITH COUNT 4;

"COUNT 6—AGGRAVATED ROBBERY WITH FIREARM SPECIFICATION—NOT LESS THAN 10 NOR MORE THAN 25 YEARS; CONSECUTIVE TO COUNTS 4, 5 AND 8;

"COUNT 8—BREAKING AND ENTERING WITH FIREARM SPECIFICATION—DEFINITE PERIOD OF 18 MONTHS; CONCURRENT WITH COUNTS 4 AND 5, BUT CONSECUTIVE TO COUNTS 2 AND 3;

"COUNT 9—FELONIOUS ASSAULT WITH A FIREARM SPECIFICATION—NOT LESS THAN 8 NOR MORE THAN 15 YEARS; CONSECUTIVE TO COUNTS 2 AND 3, CONSECUTIVE TO COUNTS 4, 5 AND 8, AND CONSECUTIVE TO COUNT 6."

The trial court merged the firearm specifications in Counts 2, 3, and 9 for one three-year term of actual incarceration pursuant to R.C. 2929.71. The trial court also merged the firearm specifications in Counts 4 and 8 for one three-year term of actual incarceration and the firearm specifications in Counts 5 and 6 for a third three-year term of actual incarceration. The trial court further ordered the actual terms of incarceration on the firearm specifications to be served prior to and consecutive to the sentences imposed on the original charges.

On the indictment from Hancock County, appellant was found guilty of one count of felonious assault with a firearm specification in violation of R.C. 2903.11(A)(2). On this count, appellant was sentenced to not less than ten nor more than twenty-five years. The trial court also imposed an additional fourth term of three years' actual incarceration for the firearm specification attached to this count.

The indictments and subsequent convictions arose from the events occurring on Sunday, October 23, 1988. Appellant, while traveling from Michigan, stopped on private property near Bluffton Airport. A Bluffton patrolman observed appellant's vehicle on the private property and proceeded to investigate. The patrolman's investigation triggered a high speed chase which ended when appellant jumped from his automobile and shot at the patrolman with a .22 caliber rifle, disabling the patrol car. Appellant escaped through a field and the patrolman radioed for help.

Appellant entered a barn on Mrs. Ardyth Swank's farm and was later discovered by Mrs. Swank's grandchildren and her son-in-law, Thomas Dodd, as they were unloading bales of hay from a wagon where appellant was

sleeping. Appellant, still carrying the rifle, began yelling at the grandchildren and Thomas Dodd.

Dodd and the children ran from the barn. Appellant took Dodd's truck and in attempting to escape crashed the truck into a tractor. Appellant thereupon abandoned the truck. Appellant then confronted Mrs. Swank in her dooryard and demanded of her the keys to her car, forcing her into her house. After Mrs. Swank gave appellant the keys to her car, appellant struck her on her head. Mrs. Swank fell, breaking her arm and, after having fallen, was struck a second time by appellant. Appellant then left the Swank house, taking with him an old flintlock rifle of Mrs. Swank's.

Appellant took Mrs. Swank's car, in which he was later observed by a State Highway patrolman, who pursued in a high speed chase. Appellant was eventually apprehended.

On November 18, 1988, appellant was indicted by an Allen County Grand Jury on nine counts including aggravated menacing, kidnapping, aggravated burglary, grand theft, aggravated robbery, breaking and entering and felonious assault. Appellant was also indicted by a Hancock County Grand Jury on one count of felonious assault on a peace officer, also with a firearm specification. The indictments were joined for trial in Allen County.

Following a jury trial held May 2, 3, and 4, 1989, guilty verdicts were returned followed by the sentences described above. Appellant asserts six assignments of error. Appellant's first assignment of error is:

"The trial court erred to the substantial prejudice of appellant in refusing to give requested instruction to the jury of lesser included offenses as to Counts 3, 4, 6, 8, 9 and 10."

Appellant claims that the trial court erred in failing to give instructions on the lesser included offenses on the following six counts:

Count 3: R.C. 2911.11(A)(2), Aggravated Burglary; Lesser included offense: R.C. 2911.12, Burglary.

Count 4: R.C. 2913.02, Theft; Lesser included offense: R.C. 2913.03, Unauthorized use of a vehicle.

Count 6: R.C. 2911.01(A)(1), Aggravated Robbery; Lesser included offense: R.C. 2911.02, Robbery.

Count 8: R.C. 2911.13, Breaking and entering; Lesser included offense: R.C. 2911.21, Trespass.

Count 9: R.C. 2903.11(A)(1), Felonious assault; Lesser included offense: R.C. 2903.13(B), Assault.

Count 10: R.C. 2903.11(A)(2)(B), Felonious assault; Lesser included offense: R.C. 2903.21, Aggravated menacing.

The test to be applied when determining if a charge or instructions should be given on a lesser included offense is whether the jury could find against the state on an element of the crime charged, yet find for the state on the remaining elements which would be sufficient to sustain a conviction on a lesser included offense. If the jury can reasonably find that the state failed to prove one element of the charged offense beyond a reasonable doubt but that the other elements of the offense were proven beyond a reasonable doubt, thus sustaining a conviction on a lesser included offense, a charge on the lesser included offense is required. However, "if the jury could not reasonably find against the state on an element of the crime, then a charge on a lesser-included offense is not only not required but is also improper." *State v. Kilby* (1977), 50 Ohio St.2d 21, 24–25, 4 O.O.3d 80, 81–82, 361 N.E.2d 1336, 1338. "A criminal defendant is entitled to a lesser-included-offense instruction, however, only where the evidence warrants it." *State v. Kidder* (1987), 32 Ohio St.3d 279, 280, 513 N.E.2d 311, 314.

In regard to Counts 3 and 6, appellant claims there was a question about the sufficiency of the evidence to show use or possession of a deadly weapon or ordnance at the time he entered Mrs. Swank's home for the purpose of committing a theft. We disagree. Appellant was carrying a .22 caliber rifle, which he used twice to strike Mrs. Swank. This was sufficient to qualify the rifle as a deadly weapon or dangerous ordnance under R.C. 2923.11. The jury could not reasonably find against the state on this element of the charged offense.

Appellant claims with regard to Count 4 that the jury could have found that Mr. Dodd was not deprived of his property, specifically his truck, since the truck was abandoned in Mrs. Swank's yard. Appellant contends that he merely used and operated the truck without Mr. Dodd's consent. It would not have been reasonable for the jury to find against the state on the element of purpose to deprive the owner of property. It is evident from the events occurring that appellant intended to use the truck to escape. The fact that he was unsuccessful in using the Dodd truck to escape because he wrecked it in the attempt does not mean the jury could have reasonably determined this element of the offense was not proven by the state.

Appellant claims Count 8, the charge of breaking and entering, should have included a charge for the lesser included offense of criminal trespass as there was insufficient evidence to show he intended to commit a theft when he entered Mrs. Swank's barn. Breaking and entering includes theft *or* any

felony. Appellant did not only trespass onto Mrs. Swank's land, premises and unoccupied structure, he also committed a felony. It would not have been reasonable for the jury to determine that this element of the offense was not proven by the state.

▮ Appellant does not support his assignment of error regarding Count 9 with any argument in his brief. Errors not argued in the brief may be disregarded. App.R. 12. We have no means for determining the basis of appellant's claimed error with regard to this count and therefore we disregard this portion of his first assignment of error.

▮ Finally, appellant maintains that the court should have instructed the jury on the lesser included offense of "Aggravated Menacing" because only one shell casing was found at the scene of the shooting. Appellant contends this was evidence to support a finding that appellant might have been attempting to disable the cruiser and did not intend to harm the officer. Because even one shot at the cruiser holding or shielding the officer is sufficient to prove the attempt, it would not have been reasonable for the jury to find the state could not prove that element of attempting to cause physical harm to the officer.

▮ Our review of the evidence discloses no support for appellant's claimed error. "[J]uries [are] not to be presented with compromise offenses which could not possibly be sustained by the adduced facts." *State v. Wilkins* (1980), 64 Ohio St.2d 382, 387, 18 O.O.3d 528, 531, 415 N.E.2d 303, 307. With regard to the above counts, it would have been improper for the trial court to instruct the jury on the lesser included offenses requested by appellant. Appellant's first assignment of error is overruled.

Appellant's second assignment of error is:

"The trial court erred to the substantial prejudice of appellant when in giving the jury instructions the court in-vaded [*sic*] the province of the jury by indicating its opinion as to evidence concerning whether or not the .22 calibre rifle was a 'firearm' or a 'deadly weapon' by commenting to the jury it had instructed court personnel to insert a 'plug' in the 'firearm' so as to make it 'inoperable.'"

▮ Appellant asserts that the judge's comments which follow prejudiced appellant with regard to the jury's findings on the firearm specifications and appellant's possession of a firearm or deadly weapon:

"Now, in this case there has been some discussion and testimony by counsel and witnesses about the alleged firearm. At the Court's instruction, the firearm was made disabled, or inoperable, yesterday. So, when the jury, if you do look at the exhibit, sees what I'll refer to as a plug stuck in the

chamber made out of a foreign substance, that has been placed there by the Court to avoid any accident during jury deliberations. I want you to understand that."

We are not persuaded by the appellant's assertion that the instruction was an improper judicial comment on the facts and was therefore prejudicial to his rights. "A single instruction to a jury may not be judged in artificial isolation but must be viewed in the context of the overall charge." *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772, paragraph four of the syllabus. We have read the jury instructions and have determined that the judge's explanation concerning the presence of the foreign substance in the rifle and that it was placed in the rifle to ensure the safety of the jury did not place any undue influence on the jury or remove from the province of the jury any determination as to the sufficiency of the evidence to support a guilty verdict. Appellant's second assignment of error is overruled.

Appellant's third assignment of error is:

"The trial court erred to the substantial prejudice of appellant in failing to find counts three (3), five (5), and six (6) of the indictment to be allied offenses of similar import for which only one penalty should have been imposed."

R.C. 2941.25 states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Appellant claims the following three counts are of similar import and as such only one penalty should be imposed upon conviction:

Count 3: the aggravated burglary committed in violation of R.C. 2911.-11(A)(2) when he entered the Swank residence while in possession of a deadly weapon or dangerous ordnance,

Count 5: grand theft of Mrs. Swank's automobile, committed in violation of R.C. 2913.02, and

Count 6: aggravated robbery committed in violation of R.C. 2911.01 when he took Mrs. Swank's key and antique gun while in possession of a deadly weapon or dangerous ordnance.

"R.C. 2941.25(A) was designed by the General Assembly to prohibit duplication of punishment where both crimes are motivated by a single purpose and where conviction of both would be dependent upon identical conduct and the same evidence. Accordingly, in order for there to be allied offenses of similar import, under the circumstances of this case, we must determine that: (1) the state relied upon the same conduct to support both offenses; (2) that the offenses and their elements correspond to such a degree that commission of one of the offenses * * * will result in the commission of the other; and (3) that the commission of both offenses was motivated by the same purpose." *State v. Brown* (1982), 7 Ohio App.3d 113, 116–117, 7 OBR 145, 149–150, 454 N.E.2d 596, 600.

The aggravated burglary was committed when appellant in possession of a deadly weapon or dangerous ordnance entered Mrs. Swank's home by force, stealth or deception with the purpose of committing a theft. Appellant committed aggravated robbery when he committed the theft of Mrs. Swank's car keys and antique gun while in possession of a deadly weapon or dangerous ordnance. Grand theft was committed when appellant took Mrs. Swank's automobile.

In applying the three-part test set forth in *Brown*, we must find that the aggravated burglary, aggravated robbery and grand theft resulted from different conduct. The offenses and their elements do not correspond to such a degree that the commission of one of the offenses resulted in the commission of one or more of the others and the commission of the offenses was not motivated by the same purpose. Appellant's third assignment of error is overruled.

Appellant's fourth assignment of error is:

"The trial court erred to the substantial prejudice of appellant in sentencing him to an additional three (3) years of actual incarceration as to counts four (4), grand theft, five (5) grand theft and eight (8) breaking and entering, when the underlying sentence on each count was determinate rather than indeterminate."

"The additional term of three years of actual incarceration, which the trial court is required to impose upon a defendant pursuant to R.C. 2929.71, is expressly limited to situations in which a life sentence or an indefinite term of imprisonment is also imposed, and may not be applied where a definite term of imprisonment, such as that set by R.C. 2929.11(D), has been imposed by the trial court." *State v. Hall* (1984), 21 Ohio App.3d 52, 21 OBR 55, 486 N.E.2d 189, syllabus.

As set forth above, we noted that for Counts 4 and 8 the trial court imposed respectively a definite term of two years and a definite term of eighteen months. The trial court when sentencing went on to merge these two counts and imposed a three-year actual term of incarceration based upon R.C. 2929.71. Upon our review of R.C. 2929.71 and *Hall*, we must agree with appellant and conclude the trial court erred in imposing the three-year actual term of incarceration for the merged firearm specifications with regard to Counts 4 and 8.

The trial court imposed a definite term of two years for appellant's conviction on Count 5 and an indefinite term of not less than ten nor more than twenty-five years for Count 6. The trial court proceeded to merge Counts 5 and 6 and impose a three-year term of actual incarceration for the firearm specifications attached to these two counts. While we agree with appellant that the court erred in imposing a three-year term of actual incarceration for Count 5 under R.C. 2929.71, we agree with the appellee's assertion that appellant was not prejudiced since the imposition of a three-year term was appropriate for Count 6 under R.C. 2929.71. Since the imposition of the three-year term with regard to Count 6 was appropriate, we find no resulting prejudice to appellant as to Count 5 as these two counts were merged for the purpose of imposing the penalty for the firearm specification.

Appellant's fourth assignment of error is sustained in part and overruled in part.

Appellant's fifth assignment of error is:

"The trial court erred to the substautial [*sic*] prejudice of appellant in failing to impose only one 3–year term of actual incarceration for all five indeterminate felony counts inasmuch as all five indeterminate counts constituted a single course of conduct requiring the court under 2929.71(B) to impose only one 3–year term of actual incarceration."

In support of this assignment of error, appellant claims that the felony counts arising from the events occurring from the time he fired on the patrolman in Bluffton to his fleeing Mrs. Swank's farm constitute a single course of conduct requiring only one three-year term of actual incarceration on the firearm specifications attached to each count.

The trial court merged Count 2, appellant's abduction of Mrs. Swank, Count 3, appellant's breaking and entering of Mrs. Swank's home, and Count 9, appellant's felonious assault on Mrs. Swank and imposed a three-year term of actual incarceration for the firearm specifications. The trial court merged Counts 4 and 8, appellant's grand theft of Mr. Dodd's truck and appellant's breaking and entering of Mrs. Swank's barn for the imposition of a three-year

term of actual incarceration for the firearm specifications. The trial court merged Counts 5 and 6, appellant's grand theft of Mrs. Swank's automobile and aggravated robbery occurring as a result of appellant's theft of the automobile keys and antique gun and imposed a three-year term of actual incarceration for the firearm specification. Finally, the trial court imposed a three-year term of actual incarceration for the firearm specification attached to appellant's felonious assault of the Bluffton police officer.

R.C. 2929.71(B) provides for sentencing on firearm specifications in part as follows:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with *having a firearm on or about his person or under his control while committing the felonies*, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to the * * * indefinite terms of imprisonment * * * unless any of the felonies were committed as part of the *same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses* * * *." (Emphasis added.)

"The term 'same act or transaction' is not defined in the statute. However, ' * * * the word "transaction" is sufficiently flexible to comprehend any number of criminal offenses so long as such offenses have a logical relationship and are committed within a continuous time sequence.' " *State v. Moore* (1984), 20 Ohio App.3d 75, 76, 20 OBR 95, 96, 484 N.E.2d 756, 757; *State v. Lucas* (Sept. 29, 1987), Allen App. No. 1–85–51, unreported, 1987 WL 17882; see *State v. Lowe* (Aug. 12, 1985), Allen App. No. 1–84–5, unreported, 1985 WL 7361.

We have already addressed the appropriateness of imposing the three-year terms of actual incarceration as to merged Counts 4 and 8 and Counts 5 and 6, in Assignment of Error Four. What we must now consider is whether the felonious assault on the police officer in Bluffton, the abduction of Mrs. Swank, the aggravated burglary committed when appellant entered Mrs. Swank's home with a deadly weapon or dangerous ordnance, the aggravated robbery committed when appellant took Mrs. Swank's car keys and antique gun, and appellant's subsequent felonious assault on Mrs. Swank should be merged for the imposition of a single three-year term of actual incarceration on the firearm specifications.

We conclude that Mrs. Swank's abduction, the aggravated burglary and aggravated robbery occurring in her home as well as the felonious assault on Mrs. Swank were committed within a continuous time sequence and were logically related to constitute the same act or transaction of accomplishing

appellant's escape from the Swank farm. Therefore, only one three-year term of actual incarceration on the firearm specifications for these felonies should be imposed under R.C. 2929.71. However, the felonious assault on the Bluffton police officer was sufficiently removed in time and logically un-related from the events on Mrs. Swank's farm to constitute a separate act or transaction of escape requiring the imposition of an additional three-year term of actual incarceration.

Appellant's fifth assignment of error is sustained in part and overruled in part.

Appellant's sixth assignment of error is:

"There was insufficient evidence to support a verdict of guilty as to count three, aggravated burglary, count four, grand theft, count six, aggravated robbery, count eight, breaking and entering, and count ten felonious assault of a peace officer."

"In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. "The findings of fact by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon the controlling facts in the case will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions." *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 141, 36 O.O.2d 288, 292, 219 N.E.2d 221, 226. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

Appellant in support of this assignment of error maintains that the remarks of the trial court with regard to the foreign substance in the rifle tainted the jury's determination that appellant was in possession of a deadly weapon or dangerous ordnance. Appellant also maintains the evidence was insufficient to support a conviction on this count as there was only one shell casing found and one slug in the tire of the police cruiser, proving that appellant intended to disable the cruiser and did not intend to harm the officer. There was sufficient evidence presented to permit the jury to reach the conclusion that appellant intended to cause or attempted to cause physical harm to the police officer by means of a deadly weapon or dangerous ordnance. We have already determined in addressing Assignment of Error Two that the judge's comment was not improper.

■ As to Count 3, aggravated burglary, and Count 6, aggravated robbery, appellant contends there was insufficient evidence to show that he possessed a "deadly weapon" or "dangerous ordnance" as defined in R.C. 2923.11. R.C. 2923.11 defines "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." "A deadly weapon may also be defined as an instrument of sufficient size and weight and of such shape and design that it may be grasped in the hands in such a way that it may be used upon or directed against the body of another in a manner and with sufficient force to kill the other person." *State v. Deboe* (1977), 62 Ohio App.2d 192, 193–194, 16 O.O.3d 467, 468, 406 N.E.2d 536, 537. Appellant, after forcing Mrs. Swank into her home and obtaining her car keys, used the rifle he was carrying to twice strike Mrs. Swank. This is sufficient to constitute the rifle as a deadly weapon for the purposes of the aggravated burglary and aggravated robbery committed in Mrs. Swank's home.

■ With regard to count four, grand theft of Mr. Dodd's truck, appellant claims there was insufficient evidence showing appellant's intention to deprive Mr. Dodd of his truck permanently or for a period of time sufficient to appropriate a substantial portion of its value or use because the truck was never taken from Mrs. Swank's farm. Appellant maintains that the facts support at best an incomplete attempt to deprive Mr. Dodd of his truck. R.C. 2913.01(C)(1). "In a prosecution for theft under R.C. 2913.02, the least removing of an item with an intent to deprive the owner of it is a sufficient asportation, though the property is not removed from the premises of the owner nor retained in the possession of the defendant." *State v. Williams* (1984), 16 Ohio App.3d 232, 16 OBR 248, 475 N.E.2d 168, paragraph two of the syllabus. From the evidence presented at trial the jury could reasonably conclude that appellant was attempting to escape from the Swank farm when he took Mr. Dodd's truck and although his attempt at fleeing in the truck was unsuccessful, he possessed the requisite intent and performed the asportation necessary to commit grand theft.

■ Appellant claims there was insufficient evidence to support the guilty verdict on Count 8, breaking and entering, since his sole purpose for entering Mrs. Swank's barn was to rest and not to commit a theft offense therein. However, appellant did subsequently commit a felony, grand theft of Mr. Dodd's truck. "The 'purpose to commit a felony' element in R.C. 2911.13(B), breaking and entering, may be formed while the trespass is in progress, and the plan need not be fashioned prior to the trespass." *State v. Jones* (1981), 2 Ohio App.3d 20, 2 OBR 21, 440 N.E.2d 580, syllabus. There was sufficient evidence upon which the jury could reach a guilty verdict upon Count 8, breaking and entering.

We have reviewed the evidence supporting each of the guilty verdicts assigned as error by appellant and must conclude that there was competent, credible evidence to support the jury's verdict. Appellant's sixth assignment of error is overruled.

In anticipation of our possible reversal of the imposition of the three-year terms of actual incarceration as regards the firearm specifications, appellee filed an assignment of error to prevent reversal in compliance with R.C. 2505.22 and *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 515 N.E.2d 992.

Appellee's sole assignment of error is:

"The trial court erred in determining that the firearm specifications in Counts 2, 3, and 9 shall merge for one 3-year term of actual incarceration pursuant to R.C. 2929.71."

We have addressed the applicability of R.C. 2929.71 and the cases interpreting this statute in appellant's Assignments of Error Four and Five. Based on our foregoing analysis of the facts and applicable law, appellee's sole assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Allen County is reversed in part and affirmed in part.

*Judgment affirmed in part*
*and reversed in part.*

MILLER and EVANS, JJ., concur.