DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court judgment of conviction and sentence. After a guilty plea, the trial court found Rocky Nave, defendant below and appellant herein, guilty of two counts of non-support of dependents in violation of R.C. 2919.21(A)(2).
The following errors are assigned for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF ONE (1) YEAR FOR APPELLANT'S TWO (2) SEPARATE COUNTS OF NON-SUPPORT OF DEPENDENTS UNDER THE OHIO REVISED CODE SECTION 2919.21 BEING FIFTH DEGREE FELONIES."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS' SENTENCING OF APPELLANT TO SERVE HIS SENTENCE FOR EACH COUNT CONSECUTIVELY."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO PROVIDE THE APPELLANT WITH COURT APPOINTED COUNSEL."
On February 12, 2001, the Meigs County Grand Jury returned an indictment charging appellant with two counts of non-support, in violation of R.C. 2919.21(A)(2) (B), for his failure to pay child support for his two children.[1] Appellant appeared at a hearing without counsel, waived his right to an attorney and pled guilty to both charges. In addition, appellant agreed to stipulate that a sufficient "factual basis" existed for the court to impose maximum sentence on each count and to have him serve those sentences consecutively.
The matter then came on for sentencing on May 7, 2001. Appellant did not appear. The trial court issued a bench warrant and appellant was later arrested in Charleston, South Carolina.[2] The matter once again came on for sentencing and on June 4, 2001, the trial court ordered appellant to serve the maximum sentence (one year) for each offense and further ordered that the sentences be served consecutively. This appeal followed.
 I
Appellant argues in his first assignment of error that the trial court erred in imposing the maximum sentences for these offenses.[3] We disagree.
Our analysis begins with R.C. 2919.21(G) which states that, if an offender has failed to provide support for a dependent child for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, the non-support offense constitutes a fifth degree felony. Fifth degree felonies are punishable with terms of imprisonment from six to twelve months. R.C. 2929.14(A)(5).
Generally, trial courts may not impose maximum sentences for fifth degree felony offenses unless the offender falls into one of four categories. See State v. Lovely (Mar. 21, 2001), Scioto App. No. 00CA2721, unreported; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported. Those categories include offenders who (1) commit the worst form of the offense; (2) pose the greatest likelihood of committing future crimes; (3) are certain major drug dealers; and (4) are certain repeat violent offenders. See R.C. 2929.14(C); also see State v. Borders
(Aug. 7, 2000), Scioto App. No. 00CA2696, unreported; State v. Riggs
(Sep. 13, 1999), Washington App. No. 98CA39, unreported; State v. Goff
(Jun. 30, 1999), Washington App. No. 98CA30, unreported. When a court imposes a maximum sentence, the court must state its reasons on the record at the sentencing hearing. See R.C. 2929.19(B) (2)(d); also seeState v. Wood (Jan. 25, 2002), Scioto App. No. 01CA2779, unreported;State v. Lenegar (Feb. 3, 1999), Vinton App. No. 99CA521, unreported;State v. Patterson (Sep. 21, 1998), Washington App. No. 97CA28, unreported.
Our review of the record in the case sub judice convinces us that the trial court complied with these requirements. The transcript of the June 4, 2001 sentencing hearing contains the following pronouncement by the trial court which explains why it imposed the maximum sentence for each offense:
 "THE COURT: And that will be . . . First, you'll have it in writing and second . . . The longest terms . . . One finding would be the offender committed the worst form of the offense. Thirty-six thousand dollars ($36,000.00) is pretty hefty non-support on the fact that he was paying eighty dollars ($80.00) a week. I don't know how many weeks that [is], but that's a bunch of weeks." (Emphasis added.)
The trial court also opined that appellant posed "the greatest likelihood of committing future crimes," presumably of this sort, unless he received the maximum possible sentence for the two offenses. These concerns are amply supported by the record which indicates that appellant paid no child support for approximately eight years and that he accumulated a support arrearage in excess of $36,000. Obviously, this offense had severe consequences for appellant's children and their mother. Furthermore, if appellant had not paid support for eight years and received no sanction for his conduct, he may well repeat that crime in the future should it become economically advantageous. For these reasons, we find no error in the trial court's determination that appellant's actions constituted the worst form of the offense or that a likelihood existed that appellant may commit future crimes if not given the maximum sentence possible.
We conclude in the case sub judice that the sentences imposed by the trial court are supported by the record and are not contrary to law. We are also satisfied that the court considered the proper factors and entered appropriate findings to support the sentences that were imposed. We note that appellate courts are now precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C. 2953.08(G)(1).
After our review of the record in the instant case, and when we consider the particular facts and circumstances of these crimes, we discern no error in the sentences. For these reasons, we conclude that the first assignment of error is without merit and is hereby overruled.
 II
Appellant argues in his second assignment of error that the trial court erred by ordering that the sentences be served consecutively. Again, we disagree.
Our analysis begins with R.C. 2929.14(E)(4) which states in pertinent part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
This statute sets out a "tri-partite procedure" for consecutive prison sentences: first, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. The findings required by this statute must be affirmatively set forth in the trial court's judgment or the imposition of consecutive sentences will be deemed reversible error. See State v. Brice (Jun. 9, 1999), Lawrence App. No. 98CA24, unreported; State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6, unreported; State v. Smith (Mar. 17, 1999), Meigs App. No. 98CA02, unreported. With these principles in mind, we turn our attention to the sentencing entry in the case at bar.
The June 11, 2001 sentencing entry expressly states that consecutive sentences are "necessary to protect the public and punish the offender." The trial court also found that consecutive sentences are "not disproportionate to the conduct" and to the danger that appellant posed for future offenses. Finally, the court stated in its judgment that the harm appellant caused was so great that concurrent sentences would not adequately reflect the seriousness of his conduct. This sufficiently complies with R.C. 2929.14(E)(4) requirements. Here again, in view of the fact that appellant did not pay any support for eight years, we find no error in the trial court's consecutive sentence decision. Thus, the second assignment of error is without merit and is hereby overruled.
 III
Appellant argues in his third assignment of error that the trial court erred by failing to provide him appointed counsel. We are not persuaded.
To begin, the record unequivocally reveals that appellant waived counsel. Appellant executed a written "Waiver of Counsel" form on February 12, 2001. That form states:
 "I, ROCKY ALAN NAVE, Defendant in the above cause, having been advised by the Court of the nature of the charge against me, and of my rights under the Constitution, hereby waive, in writing and in open Court, my right to be represented by Counsel." (Emphasis added.)
Moreover, at a hearing held the same day, appellant had the following exchange with the trial court:
 "THE COURT: You understand the Court will appoint you an attorney if you want one? If you don't have the money, the Court will appoint an attorney for you?
ROCKY NAVE: Yes, sir.
* * *
 THE COURT: And you want to waive your right to have an attorney?
ROCKY NAVE: Yes, sir.
* * *
 THE COURT: Do you understand that if you had an attorney he could explain everything to you and answer all your questions?
ROCKY NAVE: Yes, sir.
* * *
 THE COURT: Okay. You have been advised that you have an absolute right to counsel, an attorney to represent you in this matter. If you do not have the funds to hire an attorney, one would be given to you. All you have to do is fill out an affidavit saying that you didn't have the funds to hire an attorney and one would be provided at no cost to yourself. Do you understand what I've just said?
ROCKY NAVE: Yes, sir.
 THE COURT: Do you understand that the Court would appoint an attorney for you if you were indigent, that is without funds to hire your own attorney?
ROCKY NAVE: Yes, sir.
 THE COURT: And you say you are able to hire your own attorney at this time:
ROCKY NAVE: Um, yes, sir. I'd be capable.
THE COURT: I mean you have assets.
ROCKY NAVE: Yes, sir.
 THE COURT: And you don't want . . . You want to proceed without an attorney? You want the Court to accept this Written Waiver of Counsel?
ROCKY NAVE: Yes, sir."
This colloquy, coupled with the written waiver, reveals that appellant waived his right to counsel. It is axiomatic that criminal defendants may waive their right to counsel. See Adams v. United States ex rel. McCann
(1942), 317 U.S. 269, 275, 87 L.Ed. 268, 272-273, 63 S.Ct. 236, 240. We are not sure what more the court could have done in the case sub judice
to ensure that appellant was aware of his right to counsel. The court explained to appellant his right to counsel and he simply waived his rights.
Waiver aside, however, we also find nothing in the record to indicate that appellant qualified for appointed counsel. Repeatedly during the February 12, 2001 hearing appellant stated that he had the funds and the assets to employ counsel. Appellant also informed the trial court, at an April 20, 2001 hearing, that he was working as a subcontractor and that he had earned approximately $36,600 the previous year. In short, we find no indication in the record that appellant is indigent and that he would have qualified to have an attorney appointed to represent him. For these reasons, the third assignment of error is without merit and is hereby overruled.
Having considered all three errors assigned and argued by appellant in his brief, and finding merit in none of them, we hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion as to Assignment of Error III and Concurs in Judgment Only as to Assignments of Error I II
Kline, J.: Concurs in Judgment Opinion.
[1] The record indicates that appellant has not paid any child support since 1993 and, as of the time of the proceedings below, owed in excess of $36,000 in back support.
[2] It appears from the record that appellant lives in South Carolina and simply failed to return to Ohio for the sentencing.
[3] Initially, we note that some procedural problems or irregularities exist with appellant's brief. First, we note that appellant makes a combined argument for his first and second assignments of error. This is improper. While appellate courts may consider assignments of error together, the parties do not have the same option when they present their arguments. See Marietta v. Barth (Dec. 22, 1999), Washington App. No. 99CA22, unreported; State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168, unreported; In re Malone (May 11, 1994), Scioto App. No. 93CA2165, unreported. The provisions of App.R. 16(A)(7) require that a separate argument be made for each assignment of error and appellate courts are free to disregard any assignments which are not separately argued. See App.R. 12(A)(2). Accordingly, we would be within our authority to simply disregard both assignments of error. See Park v.Ambrose (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469, 474; State v.Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, 1103, at fn. 3; State v. Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405,410. In the interests of justice, however, we will consider them on their merits.
Second, we note that appellant's third assignment of error cites no authority in support of his argument. The failure to cite either case law or statute in support of an argument, as required by App.R. 16(A)(7), provides grounds to disregard an assignment of error. See App.R. 12(A)(2); Meerhoff v. Huntington Mtge. Co. (1995), 103 Ohio App.3d 164,169, 658 N.E.2d 1109, 1113; also see State v. Riley (Dec. 29, 1998), Vinton App. No. 98CA518, unreported; Hiles v. Veach (Nov. 20, 1998), Pike App. No. 97CA604, unreported. Here again, we have the authority to disregard the third assignment of error. Nevertheless, we will review appellant's third assignment of error notwithstanding the procedural deficiencies.