DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment of conviction and sentence. The jury found David L. McCoy, defendant below and appellant herein, guilty of two counts of vehicular assault in violation of R.C. 2903.08(A)(2). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT ACTED RECKLESSLY AS AN ELEMENT OF THE CONVICTION FOR VEHICULAR ASSAULT."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE JURY'S FINDING OF GUILT ON THE CHARGE OF VEHICULAR ASSAULT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} On the morning of April 27, 2001, Dixie Sherrick and her two sons (Robert, age 3, and Jacob, age 1) were driving on Harvey Chapel Road. As their car entered an uphill curve, another vehicle, driven by appellant, came down hill in the wrong lane. The automobiles collided and caused substantial injury to Dixie and Jacob.[1]
 {¶ 5} On November 5, 2001, the Hocking County Grand Jury returned an indictment charging appellant with two counts of vehicular assault in violation of R.C. 2903.08. He pled not guilty and the matter came on for a jury trial on February 26, 2002.
 {¶ 6} At trial the defense stipulated that (1) appellant was driving under a license suspension at the time of the accident, (2) appellant was left of center when the accident occurred and (3) Dixie Sherrick and her son sustained serious physical harm as a result of the accident. The prosecution then presented evidence concerning whether appellant acted recklessly when the accident occurred. Dixie Sherrick testified that she was driving 25 mph as she entered the curve. Sherrick stated that appellant was driving at a very fast rate of speed. Ohio State Highway Patrol Trooper Leonard Gray testified that he investigated the accident but, because paramedics compromised the scene in order to extricate the victims from their car, he did not perform a speed analysis. Nevertheless, Trooper Gray opined that appellant drove at a "high rate of speed" in order to cause the amount of damage sustained by the Sherrick vehicle. Trooper Gray also confirmed that appellant was at fault in the accident for driving left of center.[2]
 {¶ 7} The jury found appellant guilty on both counts and the matter came on for sentencing on April 26, 2002. The trial court found that appellant committed one of the worst forms of the offense and sentenced him to three years in prison on each count. Further, the court ordered the sentences to be served consecutively. This appeal followed.
 {¶ 8} We jointly consider appellant's two assignments of error in which he argues that insufficient evidence exists to convict him of these offenses and that the convictions are against the manifest weight of the evidence.[3] We disagree with appellant on both points.
 {¶ 9} The provisions of R.C. 2903.08(A)(2) state that no person shall recklessly cause serious physical harm to another while operating a motor vehicle. There is no question in this case that appellant operated a motor vehicle at the time of the accident. It was also stipulated that the victims suffered serious physical harm. Thus, appellant's arguments turn on the nature or the degree of the evidence introduced to prove that he acted "recklessly."
 {¶ 10} A person acts "recklessly" when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. R.C. 2901.22(C). The gist of appellant's argument is that the convictions cannot stand because there was (1) no proof that he was speeding, (2) no proof he knew of the blind curve, or (3) that he was heedlessly indifferent to the consequences before he caused the accident. We are not persuaded.
 {¶ 11} When an appellate court reviews a challenge to the sufficiency of evidence, the court must construe the evidence adduced at trial in a light most favorable to the prosecution. See State v. Hill,75 Ohio St.3d 195, 205, 1996-Ohio-222, 661 N.E.2d 1068; State v. Grant,67 Ohio St.3d 465, 477, 1993-Ohio-171, 620 N.E.2d 50; State v. Rojas,64 Ohio St.3d 131, 139, 1992-Ohio-110, 592 N.E.2d 1376. The relevant inquiry is whether a jury considering that evidence so construed could find the essential elements of the crime beyond a reasonable doubt. SeeState v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 78; States v. Jones, 91 Ohio St.3d 335, 345, 2001-Ohio-57,744 N.E.2d 1163; State v. Loza, 71 Ohio St.3d 61, 68, 1994-Ohio-409,641 N.E.2d 1082. Convictions will not be overturned for insufficient evidence unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Tibbetts, 92 Ohio St.3d 146, 162,2001-Ohio-132, 749 N.E.2d 226; State v. Treesh, 90 Ohio St.3d 460, 484,2001-Ohio-4, 739 N.E.2d 749.
 {¶ 12} Applying the foregoing principles to the case sub judice, we believe that sufficient evidence exists to support the jury's conclusion that appellant was reckless in his driving and that he negotiated the curve with a perverse disregard for the risk that a car could be coming the opposite direction and that he could cause an accident. Appellant stipulated he drove left of center when the accident occurred. While no evidence was introduced to show his exact speed, Trooper Gray testified that appellant traveled at a "high rate of speed" to cause that much damage to Sherrick's vehicle. Sherrick testified that she drove 25 mph as she entered the curve. She initially estimated that appellant was travelling approximately 85 mph, but later indicated that appellant's vehicle traveled at a very fast rate of speed. Furthermore, Trooper Gray testified that going into the curve appellant would not have been able to see any cars coming from the opposite direction. We conclude that the aforementioned evidence provides a sufficient basis for the jury's conclusion that appellant acted recklessly. Although appellant may not have had prior knowledge of this particular blind spot, once the appellant decided to operate a vehicle on a public roadway, he must recognize that a centerline exists for a reason. In other words, at any time another car might be traveling from the opposite direction in that vehicle's designated lane of travel. Consequently, appellant should have operated his vehicle in his own lane of travel. Moreover, the jury could also properly conclude from Trooper Gray's testimony and the victim's testimony that appellant operated his vehicle at an excessive speed.
 {¶ 13} We are equally unswayed by his argument that the convictions are against the manifest weight of the evidence. A conviction cannot be reversed as being against the manifest weight of the evidence unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle (1997),120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow (1995),103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; State v. Davis (1988),49 Ohio App.3d 109, 113, 550 N.E.2d 966. After a careful review of the trial transcript, we cannot conclude that the trier of fact lost its way.
 {¶ 14} As we noted above, the defense stipulated to every element of the crime of vehicular assault except for the mental state of recklessness. We conclude that ample competent, credible evidence was adduced during the trial to prove recklessness. Although the prosecution did not definitively establish appellant's speed, this fact is not necessary to prove the elements of the offense. Speeding is neither an element of vehicular assault nor a sine qua non for establishing that appellant was reckless. Rather, appellant's speed was one factor of many for the jury to consider in reaching its decision.
 {¶ 15} We also emphasize that the weight of evidence and the credibility of witnesses are issues to be determined by the trier of fact. See State v. Dye, 82 Ohio St.3d 323, 329, 1998-Ohio-234,695 N.E.2d 763; State v. Frazier, 73 Ohio St.3d 323, 339, 1995-Ohio-235,652 N.E.2d 1000; State v. Williams, 73 Ohio St.3d 153, 165,1995-Ohio-275, 652 N.E.2d 721. The jury was free to believe all, part or none of the testimony of each witness who appeared before it. See Statev. Long (1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols
(1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144. The jury obviously found the victim's testimony and Trooper Gray's testimony to be credible and this was well within its province.
 {¶ 16} For these reasons, we find no merit in appellant's assignments of error and they are hereby overruled. The judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] Dixie Sherrick's injuries included a crushed femur, lacerated liver, collapsed lung and broken ribs. She described Jacob's injuries as broken vertebras. The record is unclear whether Robert sustained any injury.
[2] Trooper Gray stated that when he first spoke to appellant after the accident, appellant claimed the crash was not his fault and that he tried to blame the accident on Dixie Sherrick. Trooper Gray confirmed that the accident could not possibly have been Sherrick's fault.
[3] We note that appellant makes a combined argument for these two assignments of error in his brief. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. See State v. Nave, Meigs App. No. 01CA3, 2002-Ohio-1594; Marietta v. Barth (Dec. 22, 1999), Washington App. No. 99CA22; State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168. The provisions of App.R. 16(A)(7) require a separate argument be made for each assignment of error and appellate courts are free to disregard any assignments which are not separately argued. See App.R. 12(A)(2). We would be within our authority to simply disregard both assignments of error. See Park v. Ambrose (1993), 85 Ohio App.3d 179,186, 619 N.E.2d 469; State v. Caldwell (1992), 79 Ohio App.3d 667, 677,607 N.E.2d 1096, at fn. 3; State v. Houseman (1990), 70 Ohio App.3d 499,507, 591 N.E.2d 405. Nevertheless, in the interests of justice we will consider them on their merits.