DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment that overruled a post-divorce decree contempt motion filed by Jane Carol Burchett, plaintiff below and appellant herein. The trial court found, with one exception, that appellant had not established that Keith Burchett, defendant below and appellee herein, violated the terms of the parties' divorce decree. Appellant raises the following assignments of error for review:
 {¶ 2} First Assignment of error:
 {¶ 3} "The trial court failed to enforce the property settlement provisions of the divorce decree in accordance with R.C. 3105.171 and R.C. 2705.05."
 {¶ 4} Second Assignment of error:
 {¶ 5} "The trial court improperly required the moving party to establish the condition, location, and continued existence of the personal property awarded to her in the divorce as an element of proof of contempt."
 {¶ 6} Third Assignment of error:
 {¶ 7} "The trial court decision is against the manifest weight of the evidence, and is an abuse of discretion."
 {¶ 8} On April 12, 2000, the parties divorced. The court incorporated into the parties' divorce decree a list of personal property with valuation and to whom the property would be awarded.
 {¶ 9} On April 14, 2000, appellant filed a contempt motion. She alleged that appellee failed to comply with the court order to permit appellant to receive a baby bed, her father's rifle, copies of family videos, a Windstar van and all other personal property located in the former marital residence that the decree awarded to her.
 {¶ 10} A magistrate heard evidence concerning appellant's motion and the parties presented conflicting testimony as to some of the items appellant received and as to the condition of those items. Appellant complained that some of the items were not in usable condition. After hearing all of the evidence, the magistrate concluded that appellant had not established that appellee failed to comply with the parties' divorce decree that required him to relinquish personal property awarded to appellant, with one exception.[2] In reaching his decision, the magistrate noted:
 {¶ 11} "The exhibit attached to the Decree which lists the personal property contains a general name of an item[,] an approximate value and a handwritten initial as to which party is to receive that item. There is no detail about the condition of the items and generally no detailed description of each item." * * * *
 {¶ 12} Several other items were received and were apparently not in a condition which [appellant] considered satisfactory. However, there was no mention, or detail as to the condition of these items. Further, testimony from various witnesses indicated that most of these items were in the same condition as when the parties separated. Nathan Burchett, the parties' son, testified that he did not see [appellee] destroy, or damage any of the items. Nathan helped [appellee] move things into the garage for the property exchange.
 {¶ 13} * * *
 {¶ 14} Specifically, the Windstar van was being driven to work daily by [appellee] up until the transfer of possession to [appellant] and there was credible testimony that the van was in the same condition and was operable. The couch in question was moved directly from inside the home to the garage and [appellant] knew previously that it was the `cat's couch.'"
 {¶ 15} On October 30, 2001, the appellant objected to the magistrate's decision. She argued that the decision was against the manifest weight of the evidence and that the magistrate failed to properly apply R.C. 3105.171 and R.C. 2705.02 in determining "the issues raised * * * for every other personal property item other than the Troy Built Rototiller."
 {¶ 16} On July 17, 2003, the trial court overruled appellant's objections and adopted the magistrate's decision. Appellant filed a timely notice of appeal.
 {¶ 17} We initially note that appellant has combined her three assignments of error. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. See State v.Nave, Meigs App. No. 01CA3, 2002-Ohio-1594; Marietta v. Barth
(Dec. 22, 1999), Washington App. No. 99CA22; State v. Wyatt
(Aug. 30, 1994), Scioto App. No. 93CA2168. The provisions of App.R. 16(A)(7) require a separate argument for each assignment of error and appellate courts are free to disregard any assignments that are not separately argued. See App.R. 12(A)(2). Thus, we would be within our authority to simply disregard appellant's three assignments of error. See Park v. Ambrose
(1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469; State v.Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3; State v. Houseman (1990), 70 Ohio App.3d 499, 507,591 N.E.2d 405. Nevertheless, in the interests of justice we will consider them on their merits.
 {¶ 18} In her three assignments of error, appellant contends, in essence, that the trial court's decision is against the manifest weight of the evidence. We disagree.
 {¶ 19} Generally, appellate courts will not reverse a judgment as being against the manifest weight of the evidence as long as some competent, credible evidence supports the judgment. See, e.g., C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Furthermore, because the trier of fact is best able to observe the witnesses and to use those observations in weighing the credibility of the testimony, appellate courts must presume that the trier of fact's factual findings are correct. See, e.g., Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273.
 {¶ 20} In contempt proceedings, an appellate court reviews a trial court's decision under an abuse of discretion standard. SeeState ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 252,648 N.E.2d 1355 State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249. We note that an abuse of discretion consists of more than error of judgment or of law; rather, it connotes an unreasonable, unconscionable, or arbitrary attitude. See, e.g., State v. Lessin (1993), 67 Ohio St.3d 487,494, 620 N.E.2d 72; Rock v. Cabral (1993), 67 Ohio St.3d 108,112, 616 N.E.2d 218. An appellate court applying the abuse of discretion standard of review is not free to merely substitute its judgment for that of the trial court. See, e.g, In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 21} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. See, e.g., State v.Flinn (1982), 7 Ohio App.3d 294, 295, 455 N.E.2d 691. In Wolfev. Wolfe (July 30, 1998), Scioto App. No. 97CA2526, we stated:
 {¶ 22} "The authority and proper functioning of the court are the primary interests involved in a contempt proceeding and, therefore, great reliance should be placed on the discretion of the trial court judge. See Denovchek v. Bd. of Trumbull Cty.Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362. To that end, numerous appellate districts have held that trial courts may decline to hold a party in contempt notwithstanding abundant and uncontroverted evidence that a court order has been violated. See, e.g., Nielsen v. Meeker (1996), 112 Ohio App.3d 448, 452,679 N.E.2d 28; Lentz v. Lentz (1924), 19 Ohio App. 329, 334;Clark v. Clark (Apr. 19, 1993), Preble App. No. CA92-01-001;Bardenhagen v. Bardenhagen (Aug. 27, 1990), Clermont App. No. CA90-01-009. The same position has also been adopted by this court. See, e.g., In re Skinner (Mar. 23, 1994), Adams App. No. 93CA547; Shafer v. Shafer (Nov. 31, 1993), Washington App. No. 93CA16."
 {¶ 23} Thus, even if abundant and uncontroverted evidence establishes that a person disobeyed the court's order, a trial court is not required to issue a contempt finding. Rather, the matter is entrusted to the trial court's discretion.
 {¶ 24} In a contempt action involving a divorce, the burden of proof initially rests with the moving party who must make a prima facie showing of contempt by establishing the existence of a divorce decree and evidence of noncompliance with its terms. See Morford v. Morford (1993), 85 Ohio App.3d 50, 55,619 N.E.2d 71. The burden then shifts to the non-moving party to establish any defense that he or she may have. Id.
 {¶ 25} In the case sub judice, we conclude that the trial court did not abuse its discretion by overruling appellant's contempt motion. The trial court found that appellant failed to prove that appellee did not comply with the portion of the divorce decree that required him to turn over various personal property items, with the one exception previously noted. While appellant presented contrary evidence, the trial court was not bound to accept appellant's version of the facts. Instead, the court obviously found appellee's version more credible, and we will not second-guess its credibility determinations.
 {¶ 26} Accordingly, based upon the foregoing reasons, we overrule the appellant's assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Kline, P.J., Concurs in Judgment and Opinion.
Harsha, J., Concurs in Judgment Only.
 Judgment entry
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[2] The court found that appellee did not turn over a "Troy Built Rototiller," as required in the divorce decree.