THE STATE OF OHIO, APPELLEE, *v.*
HALL, APPELLANT.

(No. 84AP-435—Decided
October 30, 1984.)

*Michael Miller,* prosecuting attorney, and *Joyce S. Anderson,* for appellee.

*Tyack, Delligatti & Briscoe* and *Janet A. Grubb,* for appellant.

MOYER, J. This matter is before us on defendant's appeal from a judgment of the Court of Common Pleas of Franklin County, following a trial to the court, finding defendant, Phillip Hall, guilty of carrying a concealed weapon in violation of R.C. 2923.12, unlawful possession of a dangerous ordnance with firearm specification in violation of R.C. 2923.17, and having a weapon while under disability in violation of R.C. 2923.13. The sentencing on counts one and three was suspended because they had the same animus as count two. Count two is a felony of the fourth degree.

The undisputed facts indicate that, during a family dispute, the Columbus police were called and told that a man with a gun had threatened persons at the premises where the dispute had occurred. Three police cruisers were dispatched to the premises. One of the officers testified that he observed two individuals get into a dark car, which was parked near the rear of the residence from which the call had been made, and drive off. The vehicle was followed and eventually two cruisers pulled over the automobile in which defendant was riding. Upon a search of the vehicle, the police found a sawed-off shotgun under the passenger's side of the front seat where defendant was seated.

Defendant testified that, when he arrived at the residence where the dispute occurred, a struggle started and he and his companion became involved in the struggle, but that he only saw a gun on the ground, that he had never seen it before, and that he did not threaten anyone with the gun.

The person who had called the police, as well as her son, testified that, while they were struggling with the caller's daughter, defendant produced a gun and threatened them with it as he told them to stop striking the caller's daughter.

Defendant asserts the following assignment of error in support of his appeal:

"* * *

"III. The court below erred in sentencing the appellant to an additional three year term of incarceration under R.C. § 2929.71 when the underlying sentence was a definite (determinate) term rather than an indefinite (indeterminate) term."

Defendant's third assignment of er-

ror is well-taken. He argues that: R.C. 2929.71 requires the trial court to impose a term of actual incarceration of three years, in addition to imposing a life sentence or in addition to imposing an indefinite term of imprisonment pursuant to R.C. 2929.11 if certain conditions apply; and that, because he could not have been sentenced to life or to an indefinite term of imprisonment because of the nature of the crime with which he was charged, the trial court erred by applying the three years' additional incarceration provided for in R.C. 2929.71.

R.C. 2929.11 provides the penalties to be imposed for the commission of a felony. Defendant was sentenced for the fourth-degree felony of unlawful possession of a dangerous ordnance pursuant to R.C. 2923.17. R.C. 2929.11(D) provides that whoever is convicted of a felony of the third or fourth degree and did not cause physical harm to anyone or make an actual threat of physical harm with a deadly weapon and has not previously been convicted of an offense of violence shall be imprisoned for a "definite term" of six months, one year or eighteen months. The Criminal Disposition Sheet in the record indicates that the trial court sentenced defendant to a one-year determinate sentence plus three actual years. By imposing a determinate or definite sentence upon defendant, the trial court was thereby not empowered to impose the additional three years of actual incarceration provided by R.C. 2929.71 because that section is expressly limited to a case in which a life sentence or an indefinite term of imprisonment is imposed. R.C. 2929.11 does include indefinite sentencing, but paragraph (D) thereof provides for definite terms of imprisonment and is the paragraph under which defendant was sentenced.

The foregoing conclusion is supported by our observation that, when the General Assembly amended R.C. Chapter 2929 in 1983 and specifically R.C. 2929.11 and 2929.41, it had an opportunity to expressly provide for actual incarceration to be added to definite sentences. The General Assembly did not do so and we must assume, particularly in view of the rule of construction stated in R.C. 2901.04, that the General Assembly did not intend to provide that R.C. 2929.71 should apply where a definite term of imprisonment has been imposed by the trial court. On remand, the trial court must resentence defendant without reference to the imposition of a mandatory sentence under R.C. 2929.71. The third assignment of error is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded with instructions to resentence defendant pursuant to that portion of our opinion that disposes of defendant's third assignment of error.

*Judgment reversed and cause remanded.*

McCormac, P.J., and Whiteside, J., concur.