The STATE of Ohio, Appellee,

v.

ELLINGTON, Appellant.

[Cite as *State v. Ellington* (1989), 65 Ohio App.3d 473.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57495.

Decided Dec. 4, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Karl Wetzel,* Assistant Prosecuting Attorney, for appellee.

*Kathryn Thomas,* for appellant.

*Per Curiam.*

Defendant Arnold Ellington was indicted by the Cuyahoga County Grand Jury on two counts, *viz.*, carrying a concealed weapon, with a violence specification, in violation of R.C. 2923.12, and having a weapon while under a disability, with gun and violence specifications, in violation of R.C. 2923.13.

On February 16, 1989, defendant pled guilty to having a weapon under disability with a gun specification. In exchange for defendant's guilty plea, the state nolled count one and the violence specification of count two. On March 1, 1989, the trial court sentenced defendant to six months' definite sentence on count two and three years' actual incarceration for the gun specification. Defendant filed a timely notice of appeal assigning the following error:

"Arnold Ellington was deprived of his liberty without due process of law when the trial court imposed a sentence of three years' actual incarceration for a gun specification when the underlying felony sentence was for a definite term in violation of the Eighth and Fourteenth amendments to the United States Constitution and Article I, Section 9, to the Ohio Constitution."

Defendant's sole assignment of error has merit.

Defendant argues the trial court erred when it sentenced defendant to three years' actual incarceration on a gun specification when defendant pled guilty to a fourth degree felony and defendant received a definite sentence. Defendant's argument is persuasive.

R.C. 2923.13, having a weapon under a disability, is a fourth degree felony. R.C. 2929.11(D) and 2929.11(D)(2) establish the sentence of a felony of the fourth degree to be a definite sentence of six months, one year or eighteen months, provided the offender has not been previously convicted of an offense of violence. In the case *sub judice*, the original indictment contains a specification of violence; however, the state nolled the specification of violence during the course of the plea bargaining and the defendant plead guilty to only having a weapon under disability with a gun specification.[1]

R.C. 2929.71(A) provides as follows:

"The court shall impose a term of actual incarceration of three years in addition to imposing a *life sentence* pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code *or an indefinite term of imprisonment* pursuant to section 2929.11 of the Revised Code, if *both* of the following apply:

---

1. Count two of the original indictment is reproduced in the appendix.

"(1) The offender is convicted of, or pleads guilty to, *any felony* other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is *also* convicted of, or pleads guilty to, *a specification* charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the *indefinite term* of imprisonment." (Emphasis added.)

It is well established that a defendant may not be sentenced to a three-year term of incarceration under R.C. 2929.71(A) if the defendant is sentenced to a definite term of imprisonment for the underlying felony. *State v. Hall* (1984), 21 Ohio App.3d 52, 21 OBR 55, 486 N.E.2d 189; *State v. Maynard* (Oct. 17, 1985), Cuyahoga App. No. 49486, unreported, 1985 WL 8137; *State v. Catchings* (Dec. 24, 1987), Cuyahoga App. No. 53089, unreported, 1987 WL 30373. Defendant, in the case *sub judice,* was not eligible for a three-year mandatory sentence on the gun specification since he was sentenced to a definite term of six months pursuant to R.C. 2929.11(D)(2).

Thus, defendant could have been sentenced to only a mandatory three-year term for the gun specification if he were given a life sentence or indefinite sentence. The penalty for a violation of R.C. 2923.13, having a weapon while under a disability, does not provide for a life sentence. Consequently, defendant could receive a sentence for the gun specification only if he were given an indefinite sentence under R.C. 2929.11(B)(7)[2] for the underlying felony. *Hall, supra; Maynard, supra.*

However, R.C. 2929.11(G) provides as follows:

"No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains *a specification* as set forth in section 2941.143 of the Revised Code."

R.C. 2941.143 sets forth the criteria necessary for a violence specification. R.C. 2929.11(G) provides that a fourth degree felony requires an indefinite sentence when the indictment contains a specification of violence and such specification is graphically depicted in R.C. 2941.143. R.C. 2929.71(A) requires a mandatory three years of actual incarceration for offenses involving firearms and also requires a specification which is set forth in R.C. 2941.141.

---

**2.** R.C. 2929.11(B)(7) provides as follows:
   "For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years."

Both the above sections of the Revised Code require specifications; both R.C. 2941.141 and 2941.143 explain in great detail *where* the specification shall appear in the indictment, what it shall contain and how it shall be structured.[3]

A violence specification is a mandatory prerequisite to the imposition of an indefinite sentence for a fourth degree felony under R.C. 2929.11(B)(7). In the case *sub judice*, the state nolled the violence specification in count two during the course of defendant's entering a guilty plea on that count. Thus, defendant was ineligible for an indefinite sentence. *Maynard, supra,* at 8.

■ The state argues the violence specification is unnecessary since that portion of the indictment which charges the defendant with having a weapon under a disability recites defendant was previously convicted of a felony of violence, to wit: felonious assault. The same argument could be used for the gun specification; however, the state did not nolle the gun specification. The recitation of the possession of a firearm and a previous offense of violence are the elements which sustain the main indictment for having a weapon under a disability and cannot be used to enhance the sentence. The state's contention is unpersuasive since R.C. 2941.141(A) and 2941.143 specifically mandate the use and requirements of the specifications including their placement in the indictment, form and content. It is only by the use of the specifications that the sentence is enhanced. The specifications also give defendant notice that his potential sentence is subject to enhancement.

In sum, defendant could not be sentenced for the gun specification since he was given a definite sentence. *Hall, supra.* However, defendant could not receive an indefinite sentence since the indictment to which he pled guilty did not contain a violence specification. *Maynard, supra.* Therefore, the trial

---

**3.** R.C. 2941.141(A) provides in pertinent part as follows:

"A *specification* to an indictment, count in the indictment, or information charging the offender with having a *firearm* on or about his person or under his control while committing a felony *shall be stated at the end of the body of the indictment,* count, or information, and shall be in substantially the following form:

"Specification (or, Specification to the First Count). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about his person or under his control while committing the offense.)" (Emphasis added.)

R.C. 2941.143 provides in relevant part as follows:

"Such a [*violence*] *specification shall be stated at the end of the body of the indictment,* count, or information and shall be in substantially the following form:

" 'Specification (or, Specification to the First Count). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence).' " (Emphasis added.)

court erred when it sentenced defendant to a mandatory three years' actual incarceration on the gun specification. Accordingly, defendant's sole assignment of error is well taken and sustained. Defendant's three-year sentence on the gun specification is vacated as void. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775.

Judgment modified and affirmed as modified.

*Judgment accordingly.*

KRUPANSKY, P.J., FRANCIS E. SWEENEY and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District sitting by assignment.

#### Appendix

Count two of the original indictment charging defendant with violating R.C. 2923.13, having a weapon under a disability, appeared as follows:

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s) on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully and purposely and knowingly acquired, had, carried, or used a firearm or dangerous ordnance while being under indictment for or been convicted of a felony of violence, to-wit: Felonious Assault, the said Arnold Ellington, with counsel, on or about the 20th day of December, 1983, in the Cuyahoga County Court of Common Pleas, Case No. CR 181464, having been convicted of the crime of Felonious Assault, in violation of Revised Code Section 2903.11 of the State of Ohio.

"SPECIFICATION 1: (Gun)

"The Grand Jurors further find and specify that the offender Arnold Ellington had a firearm on or about his person or under his control while committing the offense charged in this count of the indictment.

"SPECIFICATION 2: (Violence)

"The Grand Jurors further find and specify that the offender has previously been convicted of an offense of violence, to-wit: Felonious Assault, the said Arnold Ellington, with counsel on or about the 20th day of December, 1983, in the Cuyahoga County Court of Common Pleas, Case No. CR 183464, having been convicted of the crime of Felonious Assault, in violation of Revised Code Section 2903.11 of the State of Ohio."