[Cite as *State v. Lincoln*, 2019-Ohio-4560.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA22 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| WESLEY D. LINCOLN, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 10/30/19** |

_____
APPEARANCES:

Angela Miller, Jupiter, Florida, for Appellant.

Nicole Tipton Coil, Washington County Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry finding Appellant, Wesley Lincoln, guilty of trafficking heroin and imposing a seven-year, four-day aggregate prison sentence.

{¶2} Here, Appellant asserts (1) "The trial court erred by treating the balance of Appellant Lincoln's post-release control period as a mandatory sentence in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution and

R.C. 2929.141(A)," (2) he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when his counsel failed to object to the definite sentence language set forth in the sentencing entry, and (3) "Appellant Lincoln's guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitutions, Article I, Section 10 of the Ohio Constitution and Crim.R. 11(C)."

{¶3} Based upon our review, we affirm the judgment of the trial court.

PROCEDURAL HISTORY

{¶4} In 2016, the State charged Appellant with "one count of possession of heroin in violation of R.C. 2925.11(A) & (C)(6)(d) and one count of trafficking in heroin in violation of R.C. 2925.03(A)(2) & (C)(6)(e), both second degree felonies." *State v. Lincoln*, 4th Dist. Washington No. 17CA14, 2018-Ohio-1816, 111 N.E.3d 359, ¶ 8. The jury "found [Appellant] guilty as charged in the indictment" and "further found the amount of the drug involved was at least 10 grams but less than 50 grams." *Id*. at ¶ 10. The trial court merged the two offenses and imposed an eight-year prison term for trafficking "plus an additional one year and 355 days for the post-release control violation. The sentences were ordered to run

consecutive to one another."  *Id*. at ¶ 11.

{¶5} Appellant asserted in pertinent part that the trial court abused its discretion when it failed to exclude a laboratory report submitted by the State that identified the substance that Appellant possessed was 23 grams of heroin that was not provided to Appellant's counsel until the morning of trial, in violation of Crim.R. 16.  *Lincoln*, 4th Dist. Washington No. 17CA14, 2018-Ohio-1816, 111 N.E.3d 359, ¶ 13.  In a 2-1 decision, this court held that the trial court abused its discretion when it refused to either exclude the lab report or grant a meaningful continuance as a sanction for the State's failure to comply with Appellant's discovery request.  *Id*. at ¶ 34. Consequently, we reversed Appellant's convictions and remanded the cause for a new trial.  *Id*. at ¶ 38.

{¶6} On August 20, 2018, the day of Appellant's scheduled retrial, Appellant signed a written plea agreement that stated he would "[p]lead guilty to count two (trafficking) and the specifications, dismiss count one, receive a 5-year prison sentence, and 2 years and 4 days for the violation of PRC consecutive to the 5 years, concurrent with the two-year sentence in 17 CR 124."  The court held a Change of Plea hearing during which the judge found Appellant guilty of trafficking in heroin and of committing the trafficking offense while on post-release control from a prior offense.  At the

hearing, the trial judge stated that Appellant would serve "a mandatory sentence of five years for the offense of trafficking heroin, a second degree felony; specification number 4, a sentence of two years and four days, which is the balance of [Appellant's] post release control period," which was to run consecutively to the sentence for trafficking. The trial court's sentencing entry stated that Appellant was to serve the following prison terms: "a *definite* period of five (5) years" for the trafficking offense and "a *definite* period of two (2) years and four (4) days" for violating his post-release control by trafficking in heroin. (Emphasis added.) The court ordered both prison terms to be served consecutively "for a *definite* period of seven (7) years and four (4) days." (Emphasis added.)

{¶7} It is from this judgment entry that Appellant appeals, asserting three assignments of error.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED BY TREATING THE BALANCE OF APPELLANT LINCOLN'S POST-RELEASE CONTROL PERIOD AS A MANDATORY SENTENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND R.C. 2929.141(A).

II. APPELLANT LINCOLN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS COUNSEL FAILED TO OBJECT TO

THE "DEFINITE SENTENCE" LANGUAGE SET FORTH IN THE SENTENCING ENTRY.

III. APPELLANT LINCOLN'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM.R. 11(C)."

{¶8} All three of Appellant's assignments of error are predicated upon his assertion that the trial court erred by imposing a mandatory sentence for violating post release control, which is contrary to law. Appellant argues that the judgment entry's description of his two-year, four-day sentence for violating post-release control as "definite" meant that the sentence was mandatory. Therefore, our analysis involves a two-step process: whether R.C. 2929.141 authorizes a mandatory sentence for violating post-release control, and whether the language in the trial court entry in fact imposed a mandatory sentence.

Standard of Review

{¶9} "An appellate court may reverse a sentence only if it is clearly and convincingly not supported by the sentencing court's findings, or it is otherwise contrary to law." *State v. Fisher*, 4th Dist. Athens No. 18CA27, 2019-Ohio-2420, ¶ 23, citing *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, ¶ 10, *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶10} Clear and convincing evidence has been defined as:

> "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Id.* quoting *In re I.M.*, 4th Dist. Athens No. 10CA35, 2011-Ohio-560, ¶ 6, quoting *In re McCain,* 4th Dist. Vinton No. 06CA654, 2007-Ohio-1429, at ¶ 8.

A sentence imposed for a post-release control violation is not contrary to law if it comports with the requirements of R.C. 2929.141. *State v. Lehman,* 2nd Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 17.

{¶11} Appellant asserts that it is contrary to law for a court to impose a mandatory prison term for a violation of post-release control pursuant to R.C. 2929.141(A)(1). Appellant claims that the trial court orally imposed a five-year sentence for trafficking and a two-year, four-day sentence for violating post-release control at his plea hearing. But Appellant argues that trial court's entry added the term "definite period" to describe Appellant's two-year, four-day sentence making it contrary to law because sentences for

a violation of post-release control cannot be mandatory. Appellant asserts that being improperly subjected to a mandatory sentence will preclude him from seeking judicial release under R.C. 2929.20.

{¶12} The State agrees that a court cannot impose a mandatory prison term for the violation of post-release control. But, the State argues that the trial court's entry never stated that the two-year, four-day sentence is mandatory, and contrary to Appellant's argument, the trial court's use of the term "definite period" to describe that sentence does not cause Appellant's sentence to be mandatory.

{¶13} R.C. 2929.141, which addresses the actions a court may take if a person violates their post-release control by committing a felony, states:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The

maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶14} The General Assembly delineates certain sentences as "mandatory." *See, e.g.,* R.C. 2929.14(B)(7)(a) (If an offender is convicted of kidnapping of a minor with a human trafficking specification, he or she is subject to a "mandatory prison term."). While R.C. 2929.141 does require that a prison term imposed for a violation of post-release control "shall be served consecutively to any prison term imposed for the new felony," it does not indicate that any such prison term is "mandatory." In fact, the term "mandatory" is not found in the text of R.C. 2929.141. "Courts

may not add words to statutes or enlarge or construe specific statutory language in any manner other than that which the words demand." *Bartley v. State*, 4th Dist. Pike No. 02CA686, 2002-Ohio-3592, ¶ 36, citing *Kneisley v. Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 357, 533 N.E.2d 743 (1988). Therefore, we find that R.C. 2929.141 does not authorize a *mandatory* prison term for a violation of post-release control. *See State v. Gilbert*, 2nd Dist. Clark No. 2015-Ohio-117, 2016-Ohio-5539 ("Gilbert is correct that the language of R.C. 2929.141 does not provide for a mandatory prison term.").

{¶15} Consequently, the question becomes, even though R.C. 2929.141 does not authorize mandatory sentences, did the trial court nevertheless intend Appellant's two-year, four-day prison sentence to be mandatory when it described the sentence as "definite"? A court speaks only through its journal entries. *Infinite Sec. Sols., L.L.C. v. Karam Properties, II, Ltd* , 143 Ohio St.3d 346, 2015-Ohio-1101, 353, 37 N.E.3d 1211, ¶ 29, citing *State ex rel. Worcester v. Donnellon,* 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). Therefore, we must look to the language of the trial court's sentencing entry to determine the court's intent, as opposed to what was said during the sentencing hearing.

{¶16} Historically, the terms "definite" and "indefinite" have been used by courts to describe the duration of a prison sentence. A definite

sentence is " '[a] sentence for a fixed length of time rather than for an unspecified duration[,]' " while "[a]n indefinite sentence is '[a] sentence of an unspecified duration, such as one for a term of 10 to 20 years.' " *State v. Radcliff*, 4th Dist. Vinton  No. 99CA535, 2000-Ohio-2012, fn. 3, quoting *Black's Law Dictionary* 1367 (7th Ed.1999), *see also Yonkings v. Wilkinson*, 1999-Ohio-98, 86 Ohio St.3d 225, 225-29, 714 N.E.2d 394, *State v. Perry*, 8th Dist. Cuyahoga No. 104751, 2018-Ohio-1760, ¶ 29, 111 N.E.3d 746, 752 (Recognizing that a sentence can be delineated by a "definite period of time" or "within a range."). For example, in *State v. Anderson*, 4th Dist. Washington No. 03CA3, 2004-Ohio-1033, ¶ 12, the trial court imposed a 75-year aggregate prison sentence with "four (4) months definite time and four years to 25 years indefinite time in prison." *See also* R.C. 2929.14 (authorizes indefinite and definite prison terms for criminal offenses).

{¶17} We have found no legal authority in Ohio that holds using the term "definite" to describe a sentence means that the sentence is mandatory. Rather, cases have recognized the distinction between a mandatory sentence and a definite sentence. *See, e.g., State v. Perry*, 6th Dist. Lucas Nos. L-11-1126, L-11-1127, 2012-Ohio-1566, ¶ 10. ("R.C. 2929.14(A) provides that the court shall impose a definite prison term within the range determined by statute for felonies of the first degree. While the court used the term

"mandatory," when it indicated appellant's 18-year sentence, it is clear that the court was referring to the fact that appellant would serve a definite term of 18 years of imprisonment."), *State v. Ellington*, 65 Ohio App.3d 473, 475, 584 N.E.2d 784 (1989), ("Defendant, in the case *sub judice,* was not eligible for a three-year mandatory sentence on the gun specification since he was sentenced to a definite term of six months pursuant to R.C. 2929.11(D)(2).").

{¶18} As such, we find that when the term "definite" is used to describe a sentence, it means that the sentence involves a "fixed length of time rather than for an unspecified duration." And when the term "mandatory" is used to describe a criminal sentence, it means that the sentence for that offense is compulsory and the defendant is not subject to early release. We have no reason to believe that the trial court would have deviated from the well-settled definition ascribed to the term "definite" when it is used to describe a prison sentence. Accordingly, we find that the trial court's use of the term "definite" to describe Appellant's sentence was to make clear that the court imposed a two-year and four-day "fixed length of time" sentence after calculating it from the range of possible time of incarceration as directed by R.C. 2929.141, not to impose a mandatory prison term.

{¶19} Because Appellant's sentence of two years and four days for his violation of post-release control is not mandatory, it complies with R.C. 2929.141.  After review, we hold that Appellant's sentence is not clearly and convincingly contrary to law.  This makes Appellant's second and third assignments of error (ineffective assistance of counsel and Appellant's guilty plea was not knowing and intelligent), which are predicated on Appellant's argument that his sentence is contrary to law, moot.  Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
       Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**