**[Cite as *State v. Pitts*, 2021-Ohio-811.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA6 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| KRISTOPHER O. PITTS, | : | |
| | : | **RELEASED: 03/10/2021** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Jason D. Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

Timothy P. Gleeson, Logan, Ohio, for Appellant.

_____

Wilkin, J.

{¶1} This is an appeal from a Gallia County Court of Common Pleas judgment sentencing Appellant, Kristopher O. Pitts, to an aggregate 72-month prison sentence for drug offenses with a sentence enhancement of an additional 542 days in prison for committing the drug offenses herein while on post release control ("PRC") in a prior case. Appellant alleges that the trial court violated his due process rights by imposing a 542-day[1] day sentence enhancement, and seeks to have that portion of his sentence vacated. Having reviewed the facts and the applicable law, we find that Appellant's due process rights were not violated. However, we do find that the trial court erred in calculating Appellant's

---

[1] Appellant's brief contends that the trial court erred by imposing a 545-day sentence enhancement. [Appellant's Brief p.16] At the sentencing hearing the State presented evidence that the trial court should impose a 545-day sentence enhancement. [Sentencing transcript p. 101] However, just prior to the conclusion of the hearing, the parties and the court agreed that Appellant was entitled to three days of jail time credit. [Id. p. 127, 128] Therefore, as reflected in its sentencing entry, the trial court imposed a 542-day sentence enhancement. [Sentencing Entry, Manila folder Doc 26)] Consequently, Appellant is contesting a 542-day sentence enhancement, as we will reflect in the remainder of this decision.

sentence enhancement.  Therefore, we vacate his sentence enhancement only, and remand the cause to the trial court to correct Appellant's sentence enhancement.

BACKGROUND

{¶2} On July 12, 2019, a grand jury indicted Appellant on the following charges: possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(c), trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(1)(c), aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b), aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(c).  Initially, Appellant pled not guilty.

{¶3} Pursuant to a sentence enhancement request form ("ODRC form") dated December 10, 2019, and pursuant to R.C. 2929.141, the Ohio Department of Rehabilitation and Correction requested the State to pursue a sentence enhancement if Appellant was convicted of the charged drug offenses herein because he committed these offenses while he was on PRC in a prior case from Hamilton County.  The parties eventually reached a plea whereby Appellant would plead guilty to counts one and three with the State dismissing counts two and four, but each party would argue the appropriate sentence.

{¶4} On February 4, 2020, the trial court held a plea hearing during which the trial court engaged Appellant in the required Crim.R. 11 colloquy.  During the colloquy, the Appellant admitted that he was on PRC at the time he committed the drug offenses herein.  The trial court then informed Appellant that if he is convicted of a felony while on PRC, the court can terminate his post release

control and impose a prison term for violating PRC.  The Appellant acknowledged that he understood that consequence, and his counsel informed the trial court that he had discussed the issue with Appellant.  Appellant then pled guilty to counts one and three, and trial court accepted his plea and set sentencing for February 13, 2020.

{¶5} At the February 13, 2020 sentencing hearing, the State called officer Joel Jagers of the Adult Parole Authority of Gallia County to establish Appellant's violation of PRC and to calculate the sentence enhancement.  Jagers testified that when Appellant committed the drug offenses herein, he (Appellant) was serving a three-year term of PRC from a prior Hamilton County case.  Jagers testified that Appellant began serving that PRC on July 13, 2016.  However, Jagers testified that Appellant was a violator at large on three different occasions (September 15, 2016 to November 25, 2016, October 26, 2017 to March 13, 2019, and June 21, 2019 to December 8, 2019) with each at-large period not counting toward Appellant serving his PRC.  Jagers opined that Appellant's PRC would expire on August 11, 2021.  The prosecutor then asked Jagers: "Ok. So 545 days?"  Jagers responded: "That sounds correct."

{¶6} However, later during the sentencing hearing, the trial asked to look at the ODRC form.  The trial court asked the prosecutor "you have calculated 545 days as of today? Because [the ORDRC form] says 610 as of 12/10?"  In response the prosecutor stated: "So let's see, well what I did was I went with the end date that Mr. Jagers testified to of 8/11/2021.  I count today and use a start date and end date of 8/11/2021 that comes up with 545 days."

**{¶7}** The trial court agreed with the State's calculation, and taking into account three days of jail time credit, issued an entry imposing an additional prison term of 542 days as a sentence enhancement for violating his PRC in the Hamilton County case. The trial court ordered the 542-day sentence enhancement to be served consecutive to his 72-month prison term for the drug offenses, resulting in an aggregate prison term of approximately 90 months. It is from this judgment that Appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

THE CONSTITUTIONAL GUARANTEES AND PROTECTIONS OF DUE PROCESS WERE NOT AFFORDED TO APPELLANT WHEN THE LENGHTH OF THE PRC JUDICIAL SANCTION WAS DETERMINED FROM AN UNSIGNED LETTER.

**{¶8}** The Appellant argues that by relying on the unsigned ODRC form to impose the 542-day sentence enhancement, the trial court violated his due process rights. Appellant asserts that the trial court should have imposed a 531-day sentence enhancement. He offers the following calculation in support:

- July 13, 2016 (PRC began)

- September 15, 2016 to November 25, 2016 (violator at large, not counted toward serving PRC)

- October 26, 2017 to March 13, 2019 (violator at large, so not counted toward serving PRC)

- June 21, 2019 to December 8, 2019 (violator at large, so not counted toward serving PRC)

- February 13, 2020 (sentence hearing)

- July 13, 2016 to September 15, 2016 = 64 days served

- November 25, 2016 to October 26, 2017 = 335 days served

- March 13, 2019 to June 21, 2019= 100 days served

- December 8, 2019 to February 13, 2020 – 65 days served

- Total time served PRC – 564 days

- Time remaining on PRC - 1095-564 = 531 days.

{¶9} Therefore, Appellant asserts "that portion of the trial court's sentencing order should be vacated."

{¶10} In response, the State admits that "[t]here is a discrepancy in the calculation between the violator at large tolling periods and the [ODRC form]." Therefore, the State "agrees to reduce the PRC enhancement to Appellant's calculation of 531 days remaining at the time of sentencing," but should "maintain the rest of the sentence."

LAW AND ANALYSIS

Standard of Review

{¶11} An "appellate court may increase, reduce, or modify the sentence or vacate it and remand for resentencing if the court clearly and convincingly finds * * * "[t]hat [a] sentence is * * * contrary to law." *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42, quoting R.C. 2953.08(G)(2). "A sentence for the post-release control violation is not otherwise contrary to law if it comports with the requirements of R.C. 2929.141." *State v. Lincoln*, 4th Dist. Washington No. 18CA22, 2019-Ohio-4560, 148 N.E.3d 7, ¶ 10, citing *State v. Lehman*, 2nd Dist. Champaign No. 2014-CA17, 2015-Ohio-1979, ¶ 17.

Sentence Enhancement for Violating PRC

{¶12} If a defendant is convicted of felony while on post-release control,

then the trial court

> may terminate the term of post-release control * * * and * * * [i]n
> addition to any prison term for the new felony, impose a prison
> term for the post release control violation. The *maximum prison
> term* for the violation *shall be* the greater of twelve months or *the
> period of post-release control* for the earlier felony *minus any
> time the person has spent under post-release control for the
> earlier felony.*"  (Emphasis added.)

R.C. 2929.141(A).

In calculating how much PRC an Appellant has served

> The time between the date on which a person who is a parolee
> or other releasee is declared to be a violator or violator at large
> and the date on which the person is returned to custody in this
> state under the immediate control of the adult parole authority
> shall not be counted as time served under the sentence imposed
> on that person or as a part of the term of post-release control.

*Chapin v. Bradley*, 4th Dist. Pickaway No. 16CA12, 2016-Ohio-7441, 76
N.E.3d 533, ¶ 13, quoting R.C. 2967.15(C)(1).

{¶13} Initially we note that Appellant's allegation of a violation of his due

process rights lacks merit.  The trial court informed Appellant both at his plea

hearing and his sentence hearing that he would be subject to a sentence

enhancement because he had committed the drug offenses at issue herein while

he was on PRC in the Hamilton County case.  Moreover, at the sentencing

hearing, the trial court heard testimony and arguments from both parties

regarding the appropriate sentence enhancement.  Accordingly, Appellant was

afforded sufficient due process during his sentencing hearing with regard to the

determination of his sentence enhancement.  That said, it appears that the trial erred in imposing a 542-day sentence enhancement.

{¶14} Both parties agree that when Appellant committed the drug offenses herein, he was serving a three-year term of PRC in a Hamilton County case that he began to serve on July 13, 2016.  However, in calculating the sentence enhancement for the PRC violation, the State relied on Jager's testimony that Appellant's PRC would terminate on August 11, 2021.  In fact, Appellant's calculation herein correctly establishes that Appellant's PRC was scheduled to end on July 13, 2019 (this date was calculated by adding three years (1095 days) to the PRC start date of July 13, 2016).  Appellant's calculation then determines - over that 1095-day period how many days of PRC he had remaining, which was 531 days.  The state agrees that an error was made in calculating Appellant's sentencing enhancement.  We would note, however, that the calculation of the time served from December 8, 2019 to February 13, 2020, which Appellant claims is 65 days, is in fact 67 days. This benefits Appellant in that he had had 529 days of PRC left to serve, as opposed to 531 as he calculated.

{¶15} Accordingly, the trial court's 542-day sentence enhancement was contrary to law because it did not comply with R.C. 2929.141.  *Lincoln*, 4th Dist. Washington No. 18CA22, 2019-Ohio-4560, 148 N.E.3d 7, ¶ 10.  However, in addressing the remedy, we agree with the State there is no need to vacate Appellant's entire sentence.  We have issued decisions remedying only the invalid portion of an Appellant's sentences in other cases.  See e.g. *State v. Moore*, 4th Dist. Adams No. 18CA1070, 2019-Ohio-1467, ¶ 16 ("Because the

post-release control portion of Appellant's sentence is contrary to law and void, we sustain the first assignment of error to the extent it challenges that portion of her sentence, reverse that portion of her sentence * * *.")  Therefore, we vacate Appellant's sentence enhancement only, and remand the cause to the trial court to recalculate the sentence enhancement consistent with our decision.


**SENTENCE ENHANCMENT VACATED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the SENTENCING ENHANCEMENT IS VACATED AND CAUSE REMANDED and costs to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**